UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VEGA ELIZARDE,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07973-DAD-CSK

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

(Doc. No. 1)

On September 28, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On October 1, 2026, the court construed the *habeas* petition as including a motion for temporary restraining order in light of petitioner's *pro se* status, set a briefing schedule as to petitioner's motion for temporary restraining order, and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed that in the event respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

On October 5, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 5.) Therein, respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1231(a)(2) because he is within the 90-day removal period and therefore subject to mandatory detention.[1] (*Id.* at 3–4.) In support of their arguments, respondents provide evidence that petitioner was ordered removed on September 22, 2026, and that both parties waived appeal with respect to that removal order. (*Id.* at 42–43.) Respondents do not object to the court ruling directly on the merits of the underlying petition based on the present briefing before the court. (*Id.*)

Petitioner's removal order became administratively final on September 22, 2026, when he waived appeal. *See Tai v. Warden, California City Det. Facility*, No. 1:26-cv-01857-KES-EPG (HC), 2026 WL 747138 (E.D. Cal. Mar. 17, 2026) (noting that a removal order becomes administratively final if a noncitizen waives the right to appeal). As relevant here, the 90-day removal period begins on "[t]he date the order of removal becomes administratively final." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017). Petitioner is therefore within the removal period and subject to detention pursuant to § 1231(a)(2). 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *see also Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *4 (N.D. Cal. Oct. 24, 2025) (noting that detention is mandatory during the removal period). Because petitioner is presently subject to the 90-day mandatory detention period pursuant to § 1231(a)(2), his claim that his post-removal order detention is prolonged and violates the Fifth Amendment Due Process Clause is not yet ripe. *See Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) (explaining that

[1] Respondents also argue that this court lacks jurisdiction in this habeas action to enjoin petitioner's removal. (Doc. No. 14 at 1–2.) "[Title] 8 U.S.C § 1252(g) precludes this court from exercising jurisdiction over the executive's decision to 'commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" *J.S.H.M v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *8 (E.D. Cal. Oct. 16, 2025). Here, the court does not review the decision to conduct removal proceedings or to execute any removal order. Rather, the court confines its inquiry to whether petitioner's detention "comports with statutory and constitutional requirements." *J.S.H.M*, 2025 WL 2938808, at *8; *see also Jennings v. Rodriguez*, 583 U.S. 281 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in that subsection).

*Zadvydas* does not apply when a noncitizen is subject to § 1231(a)(2)). The court will therefore deny petitioner's request for immediate release without prejudice.[2]

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED without prejudice to renewal;
2. The court's prior order temporarily prohibiting petitioner's transfer or removal (Doc. No. 4) is dissolved; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 7, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner further requests that this court enjoin his removal to a third country absent an opportunity to be heard, and seeks to apply for fear-based relief prior to removal to a third country. (Doc. No. 1 at 19.) The record before this court does not indicate that respondents are taking action to remove petitioner to any country other than the one identified in his removal order. Therefore, the court will deny petitioner's request, also without prejudice. *See E.N. v. Albarran*, No. 1:26-cv-00406-DC-EFB (HC), 2026 WL 249607, at *4 n.7 (E.D. Cal. Jan. 30, 2026) (denying a similar request for injunctive as too speculative because there was no evidence that the respondents identified a third country for the petitioner's removal).